**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-20260

DEROSHER E. PRICE,

Plaintiff-Appellant-
Cross-Appellee,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee-
Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 4:06-CV-2459

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Derosher Price sued his former employer, Federal Express Corporation, for retaliation based on an earlier Equal Employment Opportunity Commission

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit he had filed. The jury awarded compensatory damages (including for mental anguish) of $170,000; backpay of $180,000; and punitive damages of $2,500,000. The district court entered judgment for the compensatory and backpay amounts found by the jury but reduced the punitive damages to $100,000. The court awarded $72,962 in front pay, $100,000 in attorney's fees, and $14,148 in prejudgment interest.

Price appeals the reduction in punitive damages. Federal Express Corporation cross-appeals to challenge the jury instruction regarding retaliation; to argue for remittitur of the compensatory award; and to challenge the amounts of the backpay and front pay awards.

We have carefully reviewed the entire record, the briefs, and the applicable law and have heard the arguments of counsel. This is a well-tried case with competent counsel and an able district judge. There is no reversible error, so the judgment is AFFIRMED. Each party shall bear its own costs on appeal; additional attorney's fees on appeal are DENIED.[1]

---

[1] DENNIS, Circuit Judge, concurs in the judgment, disagreeing with its reduction of the punitive damages award but perceiving little prospect for modification of the judgment upon further review by this court.